Ben Travis (305641)
ben@bentravislaw.com
**BEN TRAVIS LAW, APC**
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966

Attorneys for Plaintiff,
SHAWN CANFIELD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CANFIELD, an individual, on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.: 5:23-cv-01418<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>**<u>CLASS ACTION</u>** |

Plaintiff SHAWN CANFIELD ("Plaintiff"), by and through his attorneys, brings this class action on behalf of himself, and all other similarly situated non-exempt employees who are or were employed in California by Defendants PACIFIC OFFICE AUTOMATION, INC. ("Office Automation"); and DOES 1 through 25, inclusive (collectively "Defendants")  between four years prior to the date of the filing of this action through the date of final disposition of this action. Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## INTRODUCTION

1.     This California-based class action is brought on behalf of Plaintiff and the Class[1] because of Defendants' systematic mistreatment of their employees, in violation of California's wage and hour laws.

2.     Defendants own and operate one of the largest office technology companies. Defendants provide office management solutions which includes the service and repair of office scanners, copiers, printers and fax machines. As part of this business, Defendants employ a fleet of service technicians ("Technicians") who drive to the various clients' offices to service and repair machines.

3.     Defendants required Plaintiff and Class members to work without pay for hours or partial hours in several ways, including but not limited to:

      i. Requiring Technicians to drive long distances to service locations without paying for travel time;

      ii. Requiring Technicians to transport tools and parts without paying travel time;

      iii. Requiring Technicians to inventory, organize and order parts and supplies while off-the-clock;

      iv. Requiring Technicians to research solutions to clients' problems

---

[1] The "Class" is defined in paragraphs 34-37.

1              while off-the-clock; and

2           v. Requiring Technicians to clock-out for meal breaks and work

3                through those breaks.

4        4.    Further, Defendants regularly failed to provide Plaintiff and Class

5  members with proper meal breaks, failed to authorize and permit legally compliant rest

6  breaks, and failed to provide meal and rest break premiums in lieu of such breaks.

7        5.    When Class members' employment with Defendants ended, Defendants

8  failed to pay them all wages due, and as such owe Class members waiting time

9  penalties.

10       6.    Finally, Defendants failed to provide accurate wage statements and

11  maintain adequate records and failed to pay all wages owed upon termination of

12  employment.

13       7.    Upon information and belief, the above practices are uniform at all

14  locations in the State of California and are still ongoing.

15       8.    In order to redress the harms suffered, Plaintiff, on behalf of himself and

16  the Class, brings claims associated with Defendants' violations of the California Labor

17  Code and the applicable IWC Wage Order, including: (1) failure to pay all minimum,

18  regular, and overtime wages;  (2) failure to provide meal periods in violation of Labor

19  Code §§226.7 and 512; (3) failure to authorize and permit rest periods in violation of

20  Labor Code §226.7; (4) failure to provide accurate wage statements in violation of

21  Labor Code §226; (5) failure to pay all wages due upon termination of employment in

22  violation of Labor Code §§ 201, 202, and 203; and (6) violation of the Unfair

23  Competition Law ("UCL") pursuant to Business & Professions Code §17200, et seq.

24                        **JURISDICTION AND VENUE**

25       9.    This Court has personal jurisdiction over Defendants because Defendants

26  have conducted and continue to conduct substantial business in the State of California,

27  employ numerous individuals in California, and have intentionally availed themselves

28  of the laws and markets of California through the operation of their business in

CLASS ACTION COMPLAINT

California.

10.    This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (California) and Defendant (Oregon) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

11.    Venue is proper in this Court because Defendants employ numerous individuals in this District, including Plaintiff Shawn Canfield, and a substantial portion of the acts giving rise to this action occurred in this District.

<strong><u>PARTIES</u></strong>

**A. <u>PLAINTIFF</u>**

12.    Plaintiff is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of Riverside in the State of California.

13.    During the Class Period, Plaintiff worked for Defendants from his home in Temecula and Defendants' office in Los Angeles. Plaintiff was employed by Defendants from in or around December 27, 2021 and is still currently employed.

**B. <u>DEFENDANTS</u>**

14.    Defendant Office Automation is an Oregon corporation.

15.    Upon information and belief, Defendant Office Automation owns and operates one of the largest office technology companies in the country. Office Automation operates across the country including in California. Office Automation provides office management solutions which includes the service and repair of office scanners, copiers, printers and fax machines. As part of this business, Office Automation employs a fleet of service technicians ("Technicians") who drive to the various clients' offices to service and repair machines.

16.    Based on information and belief, Defendants had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiff's and the Class's wages, hours, and working conditions.

CLASS ACTION COMPLAINT

17.    Based on information and belief, Defendants had knowledge of the wage-and-hour violations alleged herein and had the power to prevent the violations from occurring. Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendants could have but failed to prevent the violations from occurring.

18.    Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 25, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

19.    Plaintiff believes and thereon alleges that each "Doe" defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by such defendant and its acts.

20.    Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of the named Defendants, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

21.    The tortious acts and omissions alleged herein were performed by Defendants' management level employees. Defendants allowed and/or condoned a continuing pattern of unlawful practices in violation of the California Labor Code, and has caused, and will continue to cause, Plaintiff's economic damage in an amount to be proven at trial.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

**Failure to Pay for all Hours Worked (Unpaid Minimum, Regular, and Overtime Wages):**

22.    Defendants failed to pay Plaintiff and Class members for all hours worked by failing to pay for various categories of work, including but not limited to:

i. Requiring Technicians to drive long distances to service locations

without paying for travel time;

ii. Requiring Technicians to transport tools and parts without paying travel time;

iii. Requiring Technicians to inventory, organize and order parts and supplies while off-the-clock;

iv. Requiring Technicians to research solutions to clients' problems while off-the-clock; and

v. Requiring Technicians to clock-out for meal breaks and work through those breaks.

23.    Because Plaintiff and Class members regularly worked 8 hours a day and 40 hours a week, the unpaid hours described above were overtime hours. Because Defendants failed to pay wages for those hours, overtime wages are also owed.

**Meal Breaks:**

24.    Defendants scheduled Plaintiff and Class members' appointments to service and repair clients' office equipment in a manner that did not allow them to take meal breaks.

25.    Defendants required Plaintiff and Class members to be available to answer management and client phone calls at all times, regardless of nominal breaks being taken, and therefore did not allow Plaintiff and Class members to be relieved of all duty for breaks.

26.    Plaintiff and Class members are owed premiums for all of these missed meal periods.

**Rest Breaks**

27.    Defendants scheduled Plaintiff and Class members appointments to service and repair clients' office equipment in a manner that did not allow them to take rest breaks.

28.    Defendants required Plaintiff and Class members to be available to answer management and client phone calls at all times, regardless of nominal breaks being

taken, and therefore did not allow Plaintiff and Class members to be relieved of all duty for breaks.

29.   Plaintiff and Class members are owed premiums for those missed rest periods.

**Wage Statements**

30.   Because of Defendants' failure to record all hours worked and failure to pay all wages and premiums owed, the wage statements they issued to employees are incorrect. Additionally, the wage statements failed to state the name and address of an individual or legal entity employer.

31.   Plaintiff is informed and believes that the above practices he experienced were not unique to him but rather were companywide policies and practices at all locations in the State of California and were suffered by all non-exempt employees.

32.   Plaintiff is informed and believes that the unlawful wage and hour policies described in this action are set centrally and are applicable throughout California.

33.   Plaintiff is informed and believes that the unlawful wage and hour policies described in this action are still ongoing.

## CLASS ACTION ALLEGATIONS

34.   Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All Non-Exempt current and former employees of Defendants who serviced or repaired Defendants' clients' office equipment within the state of California during the Class Period.

35.   "Non-Exempt" means employees that are not exempt from California wage and hour laws pursuant to Labor Code §515(a); 8 Cal. C. Regs. §11010, et seq.

36.   "Class Period" means the period from four years prior to the filing of this action through the date of final disposition of this action.

37.   Excluded from the Class are Defendants, their officers and directors,

families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling interest, and any Judge assigned to this case and their immediate families.

38.    Plaintiff reserves the right to amend or modify the definition of the Class to provide greater specificity and/or further division into subclasses or limitation to particular issues.

39.    **Numerosity- Fed. R. Civ. P. 23(a)(1):** The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of class members is presently unknown, but it is believed that there are several hundred class members in the Class. The identity of the Class Members is ascertainable and can be determined based on records maintained by Defendants.

40.    **Predominance of Common Questions- Fed R. Civ. P. 23(a)(2), 23(b)(3):** There are multiple questions of law and fact common to the Class that will predominate over questions affecting only individual class members. The questions of fact that are common to the Class members and predominate over questions that may affect individual Class members, include, whether Defendants:

a)  Failed to pay Plaintiff and members of the Class all of their earned wages and compensation;

b)  Failed to pay Plaintiff and members of the Class minimum wages;

c)  Failed to provide Plaintiff and members of the Class with meal and rest breaks;

d)  Failed to furnish to Plaintiff and members of the Class accurate, itemized wage statements compliant with Labor Code §226; and

e)  Failed to timely pay members of the Class all of their earned wages, compensation and benefits immediately upon termination of their employment or within seventy-two hours of them quitting.

41.    The questions of law that are common to the Class members and predominate over questions that may affect individual Class members, include:

a) Whether the provisions of the Labor Code include the employer's obligation to pay all earned wages and to pay all such earned wages at the time of the termination of a member of the Class's employment;

b) The requirements for a wage statement to be compliant with Labor Code §226; and/or

c) What remedies, including restitution, compensatory damages, statutory and civil penalties, additional wages and disgorgement of revenue, are available under California law to members of the Class who were not paid all earned wages, compensation and benefits; were not paid all wages and compensation earned at the time of the termination of their employment relationship with Defendants; and were not provided lawful wage statements.

42. **Typicality- Fed. R. Civ. P. 23(a)(3):** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all putative Class members were subject to, and affected by, Defendants' systemic policies and practices alleged herein.

43. **Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1):** Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff is represented by experienced and competent Class Counsel. Class Counsel have litigated numerous class actions. Class counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiff and Class Counsel can fairly and adequately protect the interests of all of the members of the Class.

44. **Superiority—Fed. R. Civ. P. 23(b)(3):** The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory

CLASS ACTION COMPLAINT

judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

**Failure to Pay all Minimum, Regular, and Overtime Wages**

**(Hours Worked Beyond Set Number Paid)**

**[Cal. Labor Code §§ 200, 204, 510, 1194 & 1198]**

**[By Plaintiff Against all Defendants]**

45.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

46.    Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

47.    Labor Code section 1197 states "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

48.    Labor Code section 1197.1 (a) states "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203..."

49.   Labor Code section 510 requires all hours over eight hours in a day or 40 hours in a week to be paid at one and one-half times the applicable rate.

50.   As provided for in Section 1197.1(a)(1), for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

51.   Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

52.   Section (B) of the "Minimum Wages" provision of the applicable IWC Wage Order states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

53.   Defendants failed and continue to fail to pay Plaintiff and other Class members for all hours worked in the manners alleged above.

54.   As such, Plaintiff and other Class members are owed wages for those unpaid hours, as well as liquidated damages under Labor Code § 1194.2.

55.   Plaintiff and other Class members are entitled to recover from Defendants all of such unpaid regular pay, with pre-judgment interest, and reasonable attorneys' fees, and costs of suit pursuant to Labor Code § 1194.

## SECOND CAUSE OF ACTION

**Failure to Provide Meal Breaks or Compensation in Lieu Thereof**

**[Cal. Labor Code §§ 226.7 & 512]**

**[By Plaintiff Against all Defendants]**

56.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

57.    Pursuant to Labor Code § 512, no employer shall employ any person for a work period in excess of five (5) hours without providing a meal period of at least thirty (30) minutes. *See also* the applicable IWC Wage Order, item 11. During this meal period of no less than thirty (30) minutes, the employer must completely relinquish any and all control over the employee and the employee must not engage in any work-related activity for the employer. *Brinker Restaurant* Corp. v. *Superior Court* (2012) 53 Cal.4th 1004, 1040. If the employee performs any work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. *Id.* Additionally, California law does not permit an employer to employ an individual for a work period in excess of ten (10) hours without providing a second meal period of at least thirty (30) minutes. Labor Code § 512; the applicable IWC Wage Order, item 11. If the employer fails to provide an employee with a legally compliant meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Labor Code § 226.7; the applicable IWC Wage Order, item 11.

58.    Plaintiff contends that as a policy, practice, guideline and/or procedure, Defendants failed to provide meal breaks to their employees. Specifically, Defendants scheduled Plaintiff and Class members in a manner which made taking meal breaks impossible. Additionally, Plaintiff and Class members were required to be available to clients and management at all times. Therefore, employees were prevented from

1  taking meal breaks. As such, Plaintiff and other Class members were not relieved of

2  duty and were not provided legally adequate meal breaks.

3      59.    Because of the unlawful acts of Defendants, Plaintiff and the other

4  members of the Class have been deprived of wages and other compensation, which is

5  an amount resulting directly from the acts complained of. Plaintiff and the other Class

6  members are entitled to recover one additional hour of pay at their regular rate of

7  compensation for each workday that the meal period was not provided, plus interest

8  thereon and costs of suit in an amount to proven at or following trial of this matter.

9  Lab. Code §226.7(c) and the applicable IWC Wage Order, ¶11(B).

10     60.    Plaintiff and the other members of the Class are also entitled to attorneys'

11  fees and costs pursuant to Labor Code § 218.5.

12                    **THIRD CAUSE OF ACTION**

13  **Failure to Authorize and Permit Rest Breaks or Compensation in Lieu Thereof**

14                      **[Cal. Labor Code § 226.7]**

15                   **[By Plaintiff Against all Defendants]**

16     61.    Plaintiff re-alleges and incorporates by reference each and every

17  allegation contained in the preceding and subsequent paragraphs as though fully set

18  forth herein.

19     62.    The applicable IWC Wage Order, item 12 requires employers to

20  authorize and permit off-duty rest periods during which an employee must be relieved

21  of any and all work-related duties. *Augustus v. ABM Security Services, Inc.* (2016) 2

22  Cal.5th 257, 269. Additionally, a lawful off-duty rest period is not provided where an

23  employer fails to relinquish control over how employees spend their time. *Id*. Under

24  Labor Code § 226.7, an employer is required to pay an employee one (1) additional

25  hour of pay at the employee's regular rate of pay for each workday in which a lawful

26  rest period was not provided. *See also* the applicable IWC Wage Order.

27     63.    Plaintiff contends that as a policy, practice, guideline and/or procedure,

28  Defendants failed to provide rest breaks to their employees. Specifically, Defendants

scheduled Plaintiff and Class members in a manner which made taking rest breaks impossible. Additionally, Plaintiff and Class members were required to be available to clients and management at all times. Therefore, employees were prevented from taking rest breaks. As such, Plaintiff and other Class members were not relieved of duty and were not provided legally adequate meal breaks. As such, Plaintiff and other Class members were not relieved of duty and were not provided legally adequate meal breaks.

64.    Because of the unlawful acts of Defendants, Plaintiff and the Class have been deprived of wages, which is an amount resulting directly from the acts complained of. Plaintiff and other members of the Class are entitled to recover one additional hour of pay at their regular rate of compensation for each workday that the rest period was not permitted, plus interest thereon and costs of suit in an amount to be proven at or following trial of this matter. *See,* the applicable IWC Wage Order, ¶12(B).

65.    Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## FOURTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

### [Cal. Labor Code § 226]

### [By Plaintiff Against all Defendants]

66.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

67.    Labor Code § 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any

applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of her or his social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

68.   Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars·($1,000) per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

69.   In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Plaintiff is entitled to an award of costs and reasonable attorney's fees.

70.   Section (B) of the "Records" provision of the applicable IWC Wage Order states that "Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and ( 4) the name of the employer, provided all deductions made on written

orders of the employee may be aggregated and shown as one item."

71.    Labor Code § 1174(d) provides that an employer must keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, employees employed at the respective establishments. These records shall be kept on file for not less than three years. Labor Code § 1174.5 provides for a civil penalty of five hundred dollars ($500) for an employer who willfully fails to maintain the records pursuant to Labor Code section l 174(d).

72.    Sections (7)(A)( 4) and (5) of the "Records" provision of the applicable IWC Wage Order provides that employers shall keep accurate information with respect to each employee, including total wages paid each payroll period, total hours worked during the payroll period, and applicable rates of pay, as well as time records showing when each employee begins and ends each work period. The time records must also show meal periods, split shift intervals, and total daily hours worked.

73.    Defendants failed to maintain records as set forth in § 1174 of the Labor Code and the "Records" section of the applicable IWC Wage Order including but not limited to, accurately recording applicable rates of pay.

74.    Defendants also failed to provide accurate itemized wage statements as required by Labor Code §226.

75.    Due to Defendants not paying for all hours worked and not paying meal and rest period premiums, Defendants do not record proper hours and wages, and do not provide legally compliant wage statements accurately accounting for hours, wages, deductions, etc.. Nor do the wage statements properly state the name and address of the legal entity that is the employer.

76.    Labor Code §§226(e) and (h) provide for the remedy for wage statement violations:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to

recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(h) An employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees.

77.    By knowingly and intentionally failing to keep accurate time records and failing to provide proper wage statements as required by Labor Code §§226, 1174(d), and the applicable IWC Wage Order, ¶7, Defendants have injured Plaintiff and the other members of the Class and made it difficult to calculate the unpaid wages owed, and losses and expenditures not indemnified by Defendants (including wages, interest and penalties thereon) due Plaintiff and the Class.

78.    Because of Defendants' unlawful acts, Plaintiff and the Class are entitled to bring this action to recover damages, ensure compliance and recover costs and reasonable attorneys' fees. Lab. Code §226(e)-(h).

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due Upon Termination

### [Cal. Labor Code §§ 201-203]

### [By Plaintiff Against all Defendants]

79.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

80.    Labor Code § 201 states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

81.    Labor Code § 202 states "If an employee not having a written contract for a definite period quits her or her employment, her or her wages shall become due and

payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of her or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

82.    Labor Code § 203(a) states, in relevant part; "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

83.    Labor Code § 204(a) states in pertinent part "All wages... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

84.    Defendants failed to pay Plaintiff and the other Class members all minimum, regular, overtime, and meal and rest period wages due and owing during and upon termination of employment. Defendants willfully failed to pay all wages when required by §§ 201 and 202 of the Labor Code.  Therefore, Defendants owe waiting time penalties to all affected employees.

85.    Defendants failed to pay earned wages to members of the Class upon their termination and/or within 72 hours of the last day of their employment with Defendant. More than 30 days have passed since members of the Class have been terminated and/or quit Defendants' employ.

86.    Because of Defendants' willful conduct in not paying all wages due upon discharge and/or resignation of employment, members of the Class are entitled to 30-days' wages as a penalty under Labor Code §203, plus interest thereon. Pursuant to Labor Code §218.5, Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### Violation of the Unfair Competition Law

### [Business & Professions Code § 17200 *et seq.*]

### [By Plaintiff Against all Defendants]

87.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

88.    Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §17200, *et seq.* The actions of Defendants as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

89.    Defendants have conducted the following unlawful activities:

a)  violations of Labor Code §§ 200, 204, 510, 1194 & 1198 by requiring Plaintiff and the Class to work off-the-clock and not paying them minimum and overtime wages for those hours worked;

b)  violations of Labor Code §§512 and 226.7, and the applicable IWC Wage Order, ¶11, by failing to provide and/or precluding Plaintiff and the Class from taking a 30-minute restrictive-free meal period after working more than five hours per day and by failing to provide one hour of pay at Plaintiff's and the Class's regular rates of compensation for each work day that the meal periods were not provided;

c)  violations of Labor Code §226.7 and the applicable Wage Order  ¶12, , by failing to provide and/or precluding Plaintiff and the Class from taking rest periods and by failing to provide one hour of pay at Plaintiff's and the Class's regular rates of compensation for each work day that the rest periods were not provided;

d)  violations of Labor Code §§226, 1174, 1174.5, and the applicable IWC Wage Order, ¶7, by failing to maintain and provide Plaintiff and the Class with accurate payroll and time records;

e)  violations of Labor Code §204 by failing to timely pay all earned wages

to Plaintiff and the Class;

f)    violations of Labor Code §§201, 202, 203, 204 and 210 by failing to pay earned wages to Plaintiff and the Class upon their termination and/or within 72 hours of the last day of their employment with Defendants or upon regularly scheduled pay days required by California law;

g)    And/or any other violations of applicable law and/or unfair and/or fraudulent practices arising from the allegations stated herein.

90.    Defendants' activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and the Class.

91.    The identified violations of the Labor Code, Wage Order, Regulations, laws, and public policy constitute business practices because they were done repeatedly over time and in a systematic manner to the detriment of Plaintiff and the Class

92.    Because of Defendants' violations of the Labor Code, Wage Order, Regulations, laws, and public policy, Plaintiff and the Class have suffered injury-in-fact and have lost money or property because of Defendants' practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code, Regulations, Wage Order, laws and public policy as detailed in this Complaint and other resulting harms. Plaintiff and the Class are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law. Specifically, there is no adequate remedy at law for unpaid wages which occurred more than three years prior to the filing of this action, while the Unfair Competition Law allows for restitution for four years.

93.    As a direct and proximate result of the unfair business practices of

CLASS ACTION COMPLAINT

Defendants, Plaintiff and the Class are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully lost as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

94.    The unlawful and unfair conduct alleged herein is continuing. Plaintiff believes and alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to violate the noted laws.

95.    Plaintiff and the Class are also entitled to and hereby claim attorneys' fees and costs, pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5), and any other applicable provision for attorney fees and costs, based upon the violation of the underlying public policies.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.    That the Court certify this action as a Class Action under FRCP 23 and appoint Plaintiff as representative of the Class and his attorneys as Class Counsel;

2.    For nominal, actual, exemplary and compensatory damages, including lost wages, according to proof at trial;

3.    For restitution of all monies, wages, expenses, and costs due to Plaintiff and the Class;

4.    For liquidated damages under Labor Code § 1194.2;

5.    For reasonable attorneys' fees, costs and expenses pursuant to Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure § 1021.5;

6.    For pre-judgment and post-judgment interest, to the extent allowable by law, including but not limited to pre-judgement interest authorized under Labor Code § 218.6;

7.    For all applicable statutory penalties recoverable under Labor Code

§§203, 210, 226, 558, and as otherwise authorized by statute or law;

8.    For an injunction restraining Defendant from continuing to engage in unlawful and unfair business practices in violation of Bus. & Prof. Code §17200, et seq.;

9.    For any other appropriate declaratory relief;

10.   For all such other and further relief as the Court deems proper and just under all the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all claims so triable.

DATED: July 19, 2023

                                        **BEN TRAVIS LAW, APC**

                                      /s/ Ben Travis

                                      Ben Travis, Esq.
                                      Attorneys for Plaintiff